IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAGRUTI JIVAN PATEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-cv-00281-M |
| | § | |
| LEXIS NEXIS CORP., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are the Motion to Dismiss, filed by Defendant LexisNexis Risk Solutions Inc. (ECF No. 5), and Plaintiff Jagruti Jivan Patel's Motion to Approve Filing of Plaintiff's First Amended "Petition" (ECF No. 15), which the Court construes as a motion for leave to file an amended complaint. For the reasons stated below, the Motion to Dismiss is **GRANTED**, and the Motion for Leave is **DENIED**.

**I.   BACKGROUND**

On November 3, 2021, Plaintiff Jagruiti Jivan Patel filed her Original Petition against Defendant in the 193rd Judicial District Court of Dallas County, Texas, asserting claims of negligence, breach of fiduciary duty, breach of quasi contract/implied contract, "intentional tort," fraud/constructive fraud. Pet. (ECF No. 1-1) ¶¶ 11–15. Plaintiff generally alleges that Defendant maintains information about Plaintiff in its databases, which it transmits it to third parties. *Id.* ¶¶ 11–14. Plaintiff alleges that, over the last three years, she has experienced issues stemming from Defendant confusing Plaintiff with another person with a similar name, which has resulted in issues with Plaintiff's credit from the three principal credit reporting agencies,

1

and shows her as living at the wrong address. *Id.* ¶¶ 6–7. As a result, Plaintiff maintains that she has been unable to secure credit and perform normal banking transactions. *Id.* Plaintiff alleges that she has contacted Defendant numerous times, but has been unsuccessful in her attempts to have these errors corrected. *Id.* ¶ 8.

On February 4, 2022, Defendant LexisNexis Risk Solutions Inc.[1] removed this case, and moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 1, 5. On April 19, 2022, Plaintiff sought leave to file an amended "petition," which Defendant opposed.[2] ECF Nos. 15, 18.

## II.  LEGAL STANDARD

Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court must "constru[e] all factual allegations in the light most favorable to the plaintiffs." *Kopp v. Klein*, 722 F.3d 327, 333 (5th Cir. 2013). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). For a complaint to survive a Rule 12(b)(6) motion, it must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A facially

---

[1] Plaintiff names "Lexis Nexis Corp." as the defendant; LexisNexis Risk Solutions Inc. maintains that Lexis Nexis Corp. is not a legal entity, and that, based on Plaintiff's allegations, LexisNexis Risk Solutions Inc. may be the proper defendant. The Court determines that resolution of the proper defendant is not necessary to resolve the motions pending before the Court.

[2] On April 14, 2022, Plaintiff filed her First Amended Original Petition, which the Court struck because Plaintiff did not seek the Court's leave or Defendant's consent prior to filing. ECF No. 14. The Court also instructed Plaintiff to review Federal Rule of Civil Procedure 7(a), which provides that Plaintiff's pleading should take the form of a complaint, as opposed to a petition. ECF No. 14, at 1 n.1. Plaintiff subsequently sought leave to amend her pleadings in the form of her Motion to Approve Filing of Plaintiff's First Amended "Petition" (ECF No. 15), which the Court is construing as a motion for leave to file an amended complaint. On April 20, 2022, the Court issued a Notice of Deficiency regarding Plaintiff's request for leave for failing to comply with the Local Rules, on the grounds that the motion did not attach the proposed amended pleading or include a certificate of conference indicating whether the motion was opposed. ECF No. 16. On April 25, 2022, Plaintiff responded to the Notice of Deficiency, attaching the same First Amended Original Petition she had attempted to file on April 14, 2022, and again neglecting to indicate whether the motion was opposed. ECF No. 17. On May 2, 2022, Defendant responded, indicating that Plaintiff's request for leave is opposed. ECF No. 18.

plausible complaint "must allege more than labels and conclusions, . . . factual allegations must be enough to raise a right to relief above the speculative level." *Jabaco, Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 318 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

Fraud claims are subject to a heightened pleading standard under Federal Rule of Civil Procedure 9(b). Specifically, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### III.   ANALYSIS

Defendant moves to dismiss all of Plaintiff's claims under Rule 12(b)(6), arguing that Plaintiff has failed to allege any facts upon which a claim for relief can be made. The Court agrees.

Regarding Plaintiff's claims for negligence, Defendant moves to dismiss them on the grounds that such claims are preempted by the Fair Credit Reporting Act ("FCRA"), and even if not preempted, Plaintiff does not allege any duty owed by Defendant to Plaintiff. The FCRA provides that a consumer cannot bring a negligence action "with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Accordingly, the FCRA preempts state law negligent reporting claims unless the plaintiff consumer proves "malice or willful intent to injure" her. *Young v. Equifax Credit Info. Servs.,*

*Inc.*, 294 F.3d 631, 638 (5th Cir. 2002) (quoting 15 U.S.C. § 1681h(e)); *see also Moody v. Experian Info. Sols., Inc.*, 57 F. App'x 211, 211 (5th Cir. 2003) ("The FCRA bars relief on common-law claims unless the movant shows malice or willfulness on the part of defendant."). Plaintiff does not allege that that Defendant furnished incorrect information about her with malice or willful intent to injure her.  At best, Plaintiff alleges that Defendant acted intentionally, because "even after being given an appropriate opportunity to correct their data bases [sic] and/or records, [Defendant] continues to maintain false and/or accurate information" as to Plaintiff.  Pet. ¶ 15.  However, these allegations do not rise to the level of malice or willful intent to injure; Plaintiff does not allege that Defendant willfully injured Plaintiff or furnished information about Plaintiff with knowledge that it was false, or with reckless disregard of whether or not it was false.  *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 471 (5th Cir. 2006), *as modified on reh'g* (Aug. 17, 2006) (articulating the standard for malice under § 1681h(e)).  Accordingly, Plaintiff's negligence claims are preempted by the FCRA.

    Next, regarding Plaintiff's claim for breach of fiduciary duty, Plaintiff alleges Defendant owes Plaintiff a fiduciary duty "to have correct information in their data base [sic]."[3]  Pet. ¶ 13. In her response to Defendant's Motion to Dismiss, Plaintiff also argues that Defendant also "had a fiduciary duty to make the correction(s) as submitted by [Plaintiff]."  ECF No. 9 at 2. However, Plaintiff has not plausibly alleged that a fiduciary relationship existed between Plaintiff and Defendant.

    Texas courts do not create fiduciary relationships "lightly."  *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005).  Certain formal relationships, such as an attorney–client or trustee relationship, give rise to a fiduciary duty as a matter of law.  *Id.* at 330.  Texas also recognizes an

---

[3] Similarly, in Plaintiff's Proposed "First Amended Original Petition," Plaintiff alleges Defendant "had a duty to keep it's [sic] records properly as they pertain to Plaintiff Patel."  ECF No. 17-1 ¶ 10.

4

informal fiduciary duty that arises from "a moral, social, domestic or purely personal relationship of trust and confidence." *Id.* at 331. Plaintiff alleges neither a formal nor informal relationship that could give rise to a fiduciary duty between Plaintiff and Defendant, and accordingly fails to state a claim for such a duty.[4]

Next, Plaintiff asserts claims for breach of a quasi contract/implied contract.[5] Specifically, Plaintiff alleges that "a quasi-contract and/or implied contract exists," which requires Defendant "to have accurate and complete credit information as to [Plaintiff] in their data base [sic] and to report accurately to 3rd parties in reference to said data." Pet. ¶ 14.

Plaintiff state a claim for breach of a quasi contract. A quasi contract "is distinguishable from a true contract because a [quasi contract] is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties." *Walker v. Cotter Properties, Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.). A quasi contract is an equitable doctrine that allows for the recovery of damages to prevent a party from obtaining a benefit from another by fraud, duress, unjust enrichment, or because of an undue advantage. *Id.* Plaintiff does not allege that Defendant has obtained any benefit as a result of its alleged failure to maintain accurate or current information for Plaintiff. Accordingly, Plaintiff has not stated a claim for breach of quasi contract.

---

[4] The lack of a fiduciary relationship and associated fiduciary duty between Plaintiff and Defendant provides additional justification for granting Defendant's Motion to Dismiss as to Plaintiff's negligence claims. Apart from an alleged fiduciary duty, Plaintiff does not allege that Defendant owed her a legal duty necessary to state a claim for negligence. *See Fraley v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1060-N-BK, 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012), *report and recommendation adopted*, No. 3:11-CV-1060-N-BK, 2012 WL 779654 (N.D. Tex. Mar. 9, 2012) ("If there is no legal duty, liability for negligence cannot exist." (citing *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999)); *see also Silva v. Wells Fargo Bank, N.A.*, No. 1:12-CV-180, 2014 WL 12586396, at *6 (S.D. Tex. Mar. 17, 2014) ("Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute . . . ." (quoting *Smith v. Merritt*, 940 S.W.2d 602 (Tex. 1997)); *Dekelaita v. BP Amoco Chem. Co.*, No. CIV.A. G-07-0131, 2008 WL 2964376, at *15 (S.D. Tex. July 30, 2008) ("A plaintiff who cannot support a cause of action for negligence cannot recover for gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence.") (applying Texas law).

[5] The Court notes that in her "Proposed "First Amended Original Petition," Plaintiff no longer asserts a claim for breach of implied contract or quasi contract. *See* ECF No. 17-1.

Nor does Plaintiff state a claim for breach of contract. Under Texas law, to plead a claim for breach of contract, either express or implied, a plaintiff must allege: (1) the existence of a valid contract; (2) that she performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). To prove an enforceable contract, a party must establish the following elements: (1) an offer, (2) an acceptance, (3) mutual assent, (4) execution and delivery of the contract with the intent that it be mutual and binding, and (5) consideration supporting the contract. *See 2001 Trinity Fund, LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 449 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Plaintiff's Petition does not contain any facts plausibly alleging the existence of an implied contract between Plaintiff and Defendant, and merely stating that an "implied contract exists is not enough to survive dismissal under Rule 12(b)(6)." *Subbiah v. Kiel*, 850 F. Supp. 2d 653, 662 (N.D. Tex. 2011). In her response, Plaintiff argues that when Plaintiff contacted Defendant to address her concerns, Defendant "promised to make said corrections," which according to Plaintiff, "was effectuated making such claims valid." ECF No. 9 at 3. Even if such facts were in Plaintiff's Petition or proposed amended pleading—which they are not—these allegations do not describe any consideration or performance required by Plaintiff, and thus do not plausibly allege the existence of a contract. Accordingly, Plaintiff's claim for breach of contract must be dismissed.

Plaintiff's remaining claims likewise must be dismissed. Plaintiff cannot bring a generalized claim for "intentional tort" without specifying the tort being asserted. *See Diamond Offshore Co. v. Survival Sys. Int'l, Inc.*, 902 F. Supp. 2d 912, 929 (S.D. Tex. 2012) ("[Texas law] requires pleading a specific tort. The court cannot determine whether SSI has stated a claim for

an intentional tort without knowing which specific tort SSI is claiming Diamond committed."). Nor do Plaintiff's fraud/constructive fraud allegations satisfy Rule 9(b)'s heightened pleading requirement. Plaintiff alleges only that Defendant committed fraud or constructive fraud by maintaining false and inaccurate information about Plaintiff even after being given an "appropriate opportunity" to correct it. Pet. ¶ 15. These allegations do not identify any allegedly fraudulent misrepresentation or statement, let alone specify the speaker or explain why the statements were fraudulent. Accordingly, Plaintiff's fraud allegations fall short of Rule 9(b).

Accordingly, the Court concludes that Plaintiff has failed to plausibly state a claim for relief, justifying dismissal under Rule 12(b)(6). In addition, the Court has reviewed Plaintiff's proposed amended pleadings, and concludes that the requested amendments likewise fail to plausibly state a claim for relief. Accordingly, because Plaintiff's proposed amendments are futile, Plaintiff's Motion for Leave must be denied. *See Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**, and Plaintiff's Motion for Leave is **DENIED.** To the extent Plaintiff has alleged facts in support of a negligence claim against Defendant, Plaintiff must proceed under the Fair Credit Reporting Act. Accordingly, Plaintiff may file an Amended Complaint on or before **May 27, 2022**.

**SO ORDERED**.

May 13, 2022.

BARBARA M. G. LYNN
CHIEF JUDGE